## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EARL A. BURKE,

     Movant,

v.                                                    Case No. 8:23-cv-1851-WFJ-AAS
                                                      Crim. Case No. 8:15-cr-461-WFJ-AAS

UNITED STATES OF AMERICA,

     Respondent.

_____/

## **ORDER**

Earl A. Burke filed a motion to vacate his sentence under 28 U.S.C. § 2255, along with a motion to appoint counsel. (cv Doc. 1). Counsel for Mr. Burke indicates that, although he was "appointed to represent Mr. Burke regarding a potential post-trial motion," he was not appointed to file a § 2255 motion. (*Id.* at 1-2). Counsel states that Mr. Burke "may have a valid argument to vacate his sentence pursuant to § 2255" based on *United States v. Latson*, No. 19-14934, 2022 WL 3356390 (11th Cir. Aug. 15, 2022), which held that certain "Florida marijuana convictions" no longer qualify as "serious drug offenses" under the Armed Career Criminal Act ("ACCA"). Accordingly, with Mr. Burke's consent, counsel filed the present § 2255 motion "to protect his rights and seek the appointment of counsel," who "could then file a supplemental petition and represent Mr. Burke going forward." (cv Doc. 1 at 2).

The § 2255 motion is a second or successive motion to vacate filed without authorization from the Eleventh Circuit.[1] *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Consequently, this Court lacks jurisdiction, and the § 2255 motion must be dismissed without prejudice. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Because the Court lacks authority to consider the § 2255 motion, Mr. Burke's motion to appoint counsel is denied as moot.

If Mr. Burke wishes to pursue his ACCA claim, he must first seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion. Mr. Burke may also request that the Eleventh Circuit appoint counsel to assist him in applying for such authorization. *See United States v. Key*, 205 F.3d 773, 774-75 (5th Cir. 2000) ("[Petitioner's] motion for the appointment of counsel should have been brought in this court as part of his § 2244(b)(3) petition for authorization to file a successive habeas petition in the district court. In such a context, if [petitioner] made the requisite showing, we would have the power to appoint counsel on his behalf.").

Accordingly, Mr. Burke's motion to vacate under § 2255 (cv Doc. 1) is **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized second or

---

[1] Mr. Burke's initial § 2255 motion was denied on March 7, 2017. *Burke v. United States*, No. 8:16-cv-2121-JDW-TBM, 2017 WL 908408, at *1 (M.D. Fla. Mar. 7, 2017).

successive motion. Mr. Burke's motion for appointment of counsel (cv Doc. 1) is **DENIED as moot**. The **CLERK** is directed to **CLOSE** this case.

   **DONE** and **ORDERED** in Tampa, Florida, on August 21, 2023.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**